O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH M. GALLEMORE II,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security,<br><br>Defendant. | Case No. CV 14-1177 RNB<br><br>ORDER REVERSING DECISION OF<br>COMMISSIONER AND REMANDING<br>FOR FURTHER ADMINISTRATIVE<br>PROCEEDINGS |

Plaintiff filed a Complaint herein on February 26, 2014, seeking review of the Commissioner's denial of his applications for Disability Insurance Benefits and Supplemental Security Income benefits.  In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on October 23, 2014.  Thus, this matter now is ready for decision.[1]

---

[1]  As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. §
(continued...)

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1.      Whether the Administrative Law Judge ("ALJ") made a proper step two determination.

2.      Whether the ALJ properly considered the opinion of plaintiff's treating nurse practitioner.

3.      Whether the ALJ made a proper adverse credibility determination.

**DISCUSSION**

For the reasons discussed hereafter, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's failure to make a proper step two determination, or based on the ALJ's alleged failure to make a proper adverse credibility determination.  However, the Court concurs with plaintiff that the ALJ failed to properly consider the opinion of the treating nurse practitioner.

**A.**      **Reversal is not warranted based on the ALJ's failure to make a proper step two determination.**

Disputed Issue One is directed to the ALJ's exclusion of plaintiff's back condition from his step two determination.  (See Jt Stip at 3-7.)

Step two of the Commissioner's sequential evaluation process requires the ALJ to determine whether an impairment is severe or not severe.  See 20 C.F.R. §§ 404.1520(a), 416.920(a).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of

_____

[1](...continued)
405(g).

2

1    what is "not severe."  According to the Commissioner's regulations, an impairment
2    is not severe if it does not significantly limit the claimant's physical or mental ability
3    to do basic work activities."  See 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c),
4    416.921(a).  Basic work activities are "abilities and aptitudes necessary to do most
5    jobs," including "[p]hysical functions such as walking, standing, sitting, lifting,
6    pushing, pulling, reaching, carrying, or handling."  Basic work activities also include
7    mental activities such as understanding, carrying out, and remembering simple
8    instructions; use of judgment; responding appropriately to supervision, co-workers,
9    and usual work situations; and dealing with changes in a routine work setting.  See
10   20 C.F.R. §§ 404.1521(b), 416.921(b); Social Security Ruling ("SSR") 85-28.  The
11   Ninth Circuit has described step two as "a de minimis screening device to dispose of
12   groundless claims."  See Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); see
13   also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

14        Here, the record reflects that Dr. Nicola reviewed plaintiff's medical file and
15   examined him for complaints of lower back pain.  (See AR 244-49.)  During the
16   examination, Dr. Nicola observed, inter alia, that plaintiff had a mildly antalgic gait,
17   mild lumbar guarding, tenderness of the left lumbar parapsinals at L4-5, significant
18   hypertonicity of the lumbar parapsinals bilaterally at T12-L5, positive results on
19   Yoman's test and Kemp's test, bilateral lumbar and buttock pain, and mild subjective
20   loss of sensation to pinprick upon neurological examination.  (See AR 246.)   Dr.
21   Nicola also noted that a December 2006 MRI of plaintiff's lumbar spine revealed
22   straightening of lumbar lordosis, asymmetric annular bulging with annular tear on the
23   left L5-S1 level, and narrowing of the lateral recess and inferior recess of the left
24   neural foramen.  (See AR 244.)  Dr. Nicola also noted that Dr. Duke had diagnosed
25   degenerative lumbar spondylosis with lumbar strain.  (See id.)

26        Although the ALJ briefly mentioned plaintiff's back condition in his decision
27   (see AR 19, 20), he excluded the impairment from his step two determination without
28   explanation (see AR 17).  The Court concurs with plaintiff that the ALJ erred by

3

1  failing to properly consider plaintiff's back condition as part of the step two
2  determination, particularly in light of Dr. Nicola's uncontroverted findings.  In other
3  words, the medical evidence did not clearly establish that plaintiff's back condition
4  was a non-severe impairment.  See Webb v. Barnhart, 433 F.3d 683, 685, 688 (9th
5  Cir. 2005) (ALJ's non-severity determination was not clearly established where the
6  medical evidence of claimant's back condition reflected disc space narrowing,
7  suspicion of degenerative disc disease, and disc fragmentation or significant
8  herniation).

9        Nonetheless, the Court finds that the ALJ's failure to list plaintiff's back
10  condition as a severe impairment was harmless error because the ALJ considered any
11  limitations that could be imposed by the back condition during the remainder of the
12  sequential evaluation process.  See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir.
13  2007) (concluding that any failure to list bursitis as severe at step two was harmless
14  error where ALJ considered any functional limitations imposed by the bursitis at step
15  four); Burch v. Barnhart, 400 F.3d 676, 682-84 (9th Cir. 2005) (concluding that any
16  failure to list obesity as severe at step two was harmless error where ALJ considered
17  any functional limitations imposed by the obesity at steps three and five and in the
18  RFC determination).  Here, the ALJ incorporated any limitations that could be
19  imposed by plaintiff's back condition in the RFC determination, which limited
20  plaintiff to sedentary work with various limitations to accommodate the back
21  condition, such as lifting and/or carrying less than 10 pounds frequently and 10
22  pounds occasionally, standing/walking for a total of 2 hours in an 8-hour workday,
23  using a cane for extended ambulation, and repositioning himself every 30 minutes.
24  (See AR 18.)[2]  The ALJ then presented these limitations to the vocational expert, who

25
26
27        [2]     The ALJ's RFC determination in its entirety limited plaintiff to sedentary
28  work with the following limitations: "lift and/or carry less than 10 pounds frequently
                                                              (continued...)

4

1  testified that a person with such limitations could perform work existing in significant

2  numbers in the national economy.  (See AR 22, 45-47.)  Plaintiff has failed to identify

3  any additional limitations from the back condition that the ALJ failed to incorporate.

4  See Burch, 400 F.3d at 684 (ALJ adequately considered claimant's obesity despite

5  failure to list it as a severe impairment where he "presented all of [her] limitations and

6  restrictions supported by the record to the vocational expert").

7  　　　　Accordingly, the Court finds that reversal is not warranted based on the ALJ's

8  failure to make a proper step two determination.

9

10  **B.　Reversal is not warranted based on the ALJ's alleged failure to make a**

11  　　　**proper adverse credibility determination with respect to plaintiff's**

12  　　　**subjective symptom testimony.**

13  　　　　Disputed Issue Three is directed to the ALJ's adverse credibility determination

14  with respect to plaintiff's subjective symptom testimony.  (See Jt Stip at 12-20.)

15  　　　　An ALJ's assessment of pain severity and claimant credibility is entitled to

16  "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

17  Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  Under the "Cotton test," where as here

18  the claimant has produced objective medical evidence of an impairment which could

19  reasonably be expected to produce some degree of pain and/or other symptoms, and

20  the record is devoid of any affirmative evidence of malingering, the ALJ may reject

21

22  　　　　[2](...continued)

23  and 10 pounds occasionally; stand/walk for a total of 2 hours in an 8-hour workday;

24  needs a medically-required hand held device (i.e., cane) for excluded ambulation; sit
   for a total of 6 hours in an 8-hour workday but every 30 minutes must be free to

25  reposition himself to relieve discomfort but does not have to leave the workstation;

26  occasionally climb ramps/stairs, balance, stoop, overhead reaching and working
   overhead; never climb ladders/ropes/scaffolds, crouch, kneel, and crawl; frequently

27  perform gross handling and fine fingering; and avoid concentrated exposure to

28  hazardous machinery and unprotected heights."  (See AR 18.)

5

the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so.  See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff alleged that he cannot work because of severe back pain, hip pain, arthritis throughout his body, gout, and renal disease.  (See AR 32; see also AR 53.)  Plaintiff also testified that on account of his impairments, he required use of a cane and was limited to sitting for 15 minutes at a time and walking for 10-15 minutes at a time.  (See AR 39, 43.)  Plaintiff also testified that his pain was "excruciating" and that his conditions cause him to "swell up in my wrists and my ankles and feet regardless of whatever I do." (See AR 38.)  Plaintiff also testified that he was able to bathe, dress, and prepare simple meals for himself.  (See id.)

The ALJ determined that, although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's symptoms concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment.  (See AR 19.)  As support for this adverse credibility determination, the ALJ stated three reasons.  (See AR 19-21.)

First, the ALJ found that plaintiff's activities of daily living, "including bathing, dressing, and preparing meals for himself, for example, are inconsistent with his allegation of total disability." (See AR 19.)  Although these stated activities appear somewhat limited and basic, the Court nonetheless finds that they constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination, especially because they contradicted plaintiff's allegations that he was totally debilitated by "excruciating" pain and that he experienced swelling "regardless of whatever I do." See Molina v. Astrue, 674 F.3d

1    1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty

2    functioning, they may be grounds for discrediting the claimant's testimony to the

3    extent that they contradict claims of a totally debilitating impairment."); <u>Berry v.</u>

4    <u>Astrue</u>, 622 F.3d 1228, 1234-35 (9th Cir. 2010) (evidence that claimant's self-

5    reported activities suggested a higher degree of functionality than reflected in

6    subjective symptom testimony adequately supported adverse credibility

7    determination); <u>Valentine v. Commissioner Social Sec. Admin.</u>, 574 F.3d 685, 693

8    (9th Cir. 2009) (evidence that claimant exercised and undertook projects suggested

9    that claimant's later claims about the severity of his limitations were exaggerated);

10   <u>Bray v. Commissioner of Social Security Admin.</u>, 554 F.3d 1219, 1227 (9th Cir.

11   2009) ("In reaching a credibility determination, an ALJ may weigh consistencies

12   between the claimant's testimony and his or her conduct, daily activities, and work

13   record, among other factors."); <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007)

14   (evidence of daily activities may form basis of an adverse credibility determination

15   where it contradicts the claimant's other testimony).

16        Second, the ALJ found that the medical record did not substantiate plaintiff's

17   allegations of disabling limitations in various respects. (<u>See</u> AR 19.) The ALJ

18   specifically noted that (1) medication side effects were mentioned with very little

19   frequency in the medical records; (2) plaintiff's exhibited a full range of motion of

20   the extremities with left knee effusion; (3) his back, abdominal, and neurological

21   examinations were normal; (4) his chest x-ray was normal; and (5) an examining

22   physician found him capable of medium work. (<u>See</u> AR 19; <u>see also</u> AR 268-73,

23   314.) Preliminarily, the Court notes that, contrary to the ALJ's finding that plaintiff's

24   back and neurological examinations were normal, the record reflects, as detailed

25   above, that Dr. Nicola found irregularities upon his examination of plaintiff's lumbar

26   spine and review of the record. (<u>See</u> AR 244-49.) The Court also notes that the ALJ

27   failed to discuss evidence of plaintiff's limitations in his fingers due to his gout and

28   arthritis. (<u>See</u> AR 296, 299, 302, 304, 307.) Nonetheless, the Court finds that the

7

1    crux of the ALJ's reasoning – that the medical record on the whole did not
2    corroborate plaintiff's allegations of debilitating symptoms such as excruciating pain
3    and swelling – was supported by substantial evidence.  The Court therefore finds that
4    this was a legally sufficient reason on which the ALJ could properly rely in support
5    of his adverse credibility determination.  See Morgan v. Comm'r of Soc. Sec., 169
6    F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between
7    claimant's testimony of subjective complaints and objective medical evidence in the
8    record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely
9    on weak objective support for the claimant's subjective complaints); Orteza v.
10   Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective
11   evidence to support claimant's subjective complaints).

12        Third, the ALJ found that plaintiff's verbal responses and overall demeanor at
13   the administrative hearing "were not suggestive of a person who is experiencing
14   disabling limitations." (See AR 21.)  The ALJ specifically noted that plaintiff "was
15   able to enter and exit the hearing room without much difficulty, and to answer
16   questions quite thoroughly and clearly." (See id.)   Although plaintiff's observed
17   ability to answer questions properly seems inapposite to his alleged limitations
18   (which were physical), the Court nonetheless finds that this was a legally sufficient
19   reason on which the ALJ could properly rely in support of his adverse credibility
20   determination.  The ALJ could have reasonably concluded that plaintiff's observed
21   ability to enter and exit the hearing room belied his testimony to experiencing
22   excruciating pain and swelling regardless of what he did.  See Drouin v. Sullivan, 966
23   F.2d 1255, 1259 (9th Cir. 1992) (ALJ could properly include his personal observation
24   that there was no indication that claimant was suffering pain during the hearing as
25   part of adverse credibility determination); see also Morgan, 169 F.3d at 600
26   (inclusion of ALJ's personal observations of claimant did not render adverse
27   credibility determination improper) (citations omitted); Verduzco v. Apfel, 188 F.3d
28   1087, 1090 (9th Cir. 1999) (same); Quang Van Han v. Bowen, 882 F.2d 1453, 1458

8

1  and n.8 (9th Cir. 1989) (same); <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985)

2  (same).

3          Accordingly, the Court finds that reversal is not warranted based on the ALJ's

4  alleged failure to make a proper adverse credibility determination.

5

6  **C.      The ALJ failed to properly consider the treating nurse practitioner's**

7  **opinion.**

8          Disputed Issue Two is directed to the ALJ's consideration of the opinion of Mr.

9  James Gocke, plaintiff's treating nurse practitioner.  (<u>See</u> Jt Stip at 7-12.)

10         In general, only licensed physicians and similarly qualified specialists qualify

11  as acceptable medical sources under the Commissioner's regulations.  <u>See</u> 20 C.F.R.

12  §§ 404.1513(a), 416.913(a).  Other medical providers, such as nurse practitioners, are

13  generally classified as "other sources" under the Commissioner's regulations.  <u>See</u> 20

14  C.F.R. §§ 404.1513(d)(1), 416.913(d)(1).  An ALJ may properly reject an opinion

15  from an "other source" by providing reasons germane to that opinion.  <u>See</u> <u>Molina</u>,

16  674 F.3d at 1111 ("The ALJ may discount testimony from these other sources if the

17  ALJ gives reasons germane to each witness for doing so."); <u>Turner v. Commissioner</u>

18  <u>of Social Sec.</u>, 613 F.3d 1217, 1224 (9th Cir. 2010) (same).

19         Here, Mr. Gocke completed a "Physical Residual Functional Capacity

20  Questionnaire" describing plaintiff's limitations from hypertension, gouty arthritis,

21  and chronic lower back pain.  (<u>See</u> AR 294-96.)  In the questionnaire, Mr. Gocke

22  opined that plaintiff was limited to occasionally lifting 10 pounds at a time, standing

23  and/or walking for less than 2 hours in an 8-hour workday, and sitting for less than

24  6 hours in an 8-hour workday.  (<u>See</u> AR 294-95.)  Mr. Gocke also opined that

25  plaintiff's manipulative activities were affected by gout and arthritis so that plaintiff

26  was limited to occasional handling and precluded from any fingering.  (<u>See</u> AR 296.)

27         The ALJ did not afford significant weight to Mr. Gocke's opinion for three

28  reasons.  (<u>See</u> AR 21.)  The Court finds that none of the ALJ's stated reasons was a

9

1   legally sufficient reason on which the ALJ could properly rely for not affording
2   significant weight to the nurse practitioner's opinion.

3       One of the ALJ's stated reasons was that Mr. Gocke's opinion was "without
4   any supporting medical findings." (See AR 21.)  The ALJ specifically noted that
5   there were no longitudinal record or medical findings; that the opinion was brief and
6   conclusionary in form with little in the way of clinical findings to support its
7   conclusion; that the record was devoid of any description of detailed examining or
8   physical findings related to plaintiff's musculoskeletal structure; and that the record
9   did not contain any laboratory tests, such as x-rays and MRI scans, which would
10  support his opinion. (See id.)  Contrary to the ALJ's characterization of Mr. Gocke's
11  opinion and the record, Mr. Gocke's opinion did have supporting clinical findings
12  and the record did contain detailed examining and physical findings, as well as
13  laboratory tests such as x-rays and MRI scans.  Specifically, Mr. Gocke's opinion
14  clearly stated that he was supporting his conclusions with the following clinical
15  findings: a tender lumbar spine; the MRI from December 2006[3]; poor grip in the
16  hands indicating edema of the joints; and limited joint motion in the hands. (See AR
17  294, 296.)  Moreover, the record contains detailed findings and laboratory tests, such
18  as x-rays and MRI scans, supporting Mr. Gocke's opinion: (1) as noted, the detailed
19  examining findings and review of the record conducted by Dr. Nicola; (2) an x-ray
20  evidencing mild osteoarthritis of the left knee with associated joint space narrowing,
21  osteophytes, and subchondral sclerosis; (3) an examining finding by Dr. Duke of
22  degenerative lumbar spondylosis with lumbar strain; (4) treatment records for
23  plaintiff's gout and arthritis; and (5) as noted, the MRI from December 2006. (See
24  AR 244-46, 264, 299, 302, 304, 307.)

25  _____

26          [3]    As noted, that MRI revealed that plaintiff's lumbar spine had
27  straightening of lumbar lordosis, asymmetric annular bulging with annular tear on the
    left L5-S1 level, and narrowing of the lateral recess and inferior recess of the left
28  neural foramen. (See AR 244.)

1    Another reason stated by the ALJ for not affording significant weight to Mr.

2    Gocke's opinion was that Mr. Gocke appeared "to have accepted [plaintiff's]

3    subjective complaints" and to have acted as his "advocate." (See AR 21.)  To the

4    contrary, the opinion reflects that Mr. Gocke based it more heavily on independent

5    clinical findings rather than on plaintiff's subjective complaints, and the record is

6    devoid of evidence suggesting that Mr. Gocke improperly acted as plaintiff's

7    advocate.  The Ninth Circuit has held that an ALJ may not presume that a physician's

8    opinion was improperly influenced where it was based more heavily on the

9    physician's clinical observations than on the claimant's subjective complaints, see

10   Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014); and where there was no

11   evidence of actual improprieties, see Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir.

12   1996).  This authority applies with equal force to Mr. Gocke's opinion.   See

13   generally Frantz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that factors

14   for assessing physicians' opinions apply equally to assessing opinions from other

15   sources such as nurse practitioners) (citing Social Security Ruling ["SSR"] 06-03p,

16   1996 WL 2329939, at *4).[4]

17   Another reason stated by the ALJ for not affording significant weight to Mr.

18   Gocke's opinion was that Mr. Gocke was not an acceptable medical source under the

19   Commissioner's regulations. (See AR 21.)  The parties do not dispute, and the Court

20   concurs, that Mr. Gocke was not an acceptable medical source, but was an "other

21   source" under the Commissioner's regulations. (See Jt Stip at 7, 9.)  Nonetheless, the

22   ALJ still was required to provide legally sufficient reasons for not affording

23   significant weight to Mr. Gocke's opinion.  See SSR 06-03p, 2006 WL 2329939, at

24   *3 (noting that opinions from other sources such as nurse practitioners "are important

25   and should be evaluated on key issues such as impairment severity and functional

26

27        [4]   Social Security Rulings are binding on ALJs.  See Terry v. Sullivan, 903

28   F.2d 1273, 1275 n.1 (9th Cir. 1990).

1  effects"); <u>Ghanim</u>, 763 F.3d at 1161 (opinion of nurse practitioner who qualifies as
2  an other source "must still be evaluated"); <u>Frantz</u>, 509 F.3d at 1302 (ALJ erred by
3  failing to properly consider opinion of nurse practitioner who qualified as an other
4  source). The ALJ did not provide any such legally sufficient reasons here.

5      Accordingly, the Court finds that reversal is warranted based on the ALJ's
6  failure to properly consider the nurse practitioner's opinion.[5]

7

8                          **CONCLUSION AND ORDER**

9      The law is well established that the decision whether to remand for further
10  proceedings or simply to award benefits is within the discretion of the Court. <u>See</u>,
11  <u>e.g.</u>, <u>Salvador v. Sullivan</u>, 917 F.2d 13, 15 (9th Cir. 1990); <u>McAllister v. Sullivan</u>,
12  888 F.2d 599, 603 (9th Cir. 1989); <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir.
13  1981). Remand is warranted where additional administrative proceedings could
14  remedy defects in the decision. <u>See, e.g.</u>, <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th
15  Cir. 1984); <u>Lewin</u>, 654 F.2d at 635. Remand for the payment of benefits is
16  appropriate where no useful purpose would be served by further administrative
17  proceedings, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the record
18  has been fully developed, <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986);
19  or where remand would unnecessarily delay the receipt of benefits, <u>Bilby v.</u>

20

21  _____
22      [5]    Although Mr. Gocke's opinion was similar to the ALJ's RFC
    determination in some respects, they notably differed as to plaintiff's ability to
23  perform manipulative activities: Mr. Gocke opined that plaintiff was limited to
24  occasional handling and precluded from any fingering, while the ALJ found that
    plaintiff could perform frequent handling and fingering. (<u>Compare</u> AR 296 <u>with</u> AR
25  18.) Since the ALJ eventually concluded that plaintiff was not disabled because he
26  could perform a job (i.e., order clerk [DOT No. 209.567-014]) that requires frequent
    handling and fingering, the Court is unable to find that the ALJ's failure to properly
27  consider Mr. Gocke's opinion, particularly as to plaintiff's manipulative limitations,
28  was harmless error.

                                    12

1  <u>Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

2  The Court is mindful that, in <u>Garrison v. Colvin</u>, 759 F.3d 995, 1019-21 (9th
3  Cir. 2014), a Ninth Circuit panel held that where an ALJ failed to properly consider
4  various types of evidence, it was appropriate to credit the evidence as true and remand
5  the case for calculation and award of benefits.  However, the Court also notes that
6  after <u>Garrison</u> was decided, another Ninth Circuit panel did not apply or even
7  acknowledge this "credit as true" rule where substantial evidence did not support an
8  ALJ's rejection of treating medical opinions and his adverse credibility
9  determination; instead, the panel simply remanded the case for further administrative
10 proceedings.  <u>See</u> <u>Ghanim</u>, 763 F.3d at 1167.  In any event, to the extent that <u>Garrison</u>
11 governs the Court's analysis, the Court finds it distinguishable, as discussed below.

12 In <u>Garrison</u>, the Ninth Circuit held that the district court should remand to the
13 Commissioner for an award of benefits if three conditions are met: (1) the record has
14 been fully developed and further administrative proceedings would serve no useful
15 purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting
16 evidence, whether claimant testimony, physician's opinion, or opinion from an "other
17 source"; and (3) if the improperly discredited evidence were credited as true, the ALJ
18 would be required to find the claimant disabled on remand.  <u>See</u> <u>Garrison</u>, 759 F.3d
19 at 1020.  Here, remand for further proceedings is warranted because the third
20 <u>Garrison</u> condition has not been met: the vocational expert did not testify that a
21 person could not work with the limitations described by Mr. Gocke.  <u>See</u> <u>Harman v.</u>
22 <u>Apfel</u>, 211 F.3d at 1172, 1180 (9th Cir. 2000) (remanding for further proceedings in
23 part because there was no testimony from the vocational expert that the limitations
24 established by the improperly discredited evidence would render claimant unable to
25 engage in any work); <u>see also</u> <u>Strauss v. Commissioner of the Social Sec. Admin.</u>,
26 635 F.3d 1135, 1138 (9th Cir. 2011) (reversal for award of benefits is appropriate
27 only where the record demonstrates claimant is disabled within meaning of Social
28 Security Act).

13

1    Therefore, based on its review and consideration of the entire record, the Court

2  has concluded on balance that a remand for further administrative proceedings

3  pursuant to Sentence Four of 42 U.S.C. § 405(g) is warranted here.  Accordingly, IT

4  IS HEREBY ORDERED that Judgment be entered reversing the decision of the

5  Commissioner of Social Security and remanding this matter for further administrative

6  proceedings.[6]

7

8  DATED:  November 7, 2014

9

10                                          ROBERT N. BLOCK
                                            UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28        [6]        It is not the Court's intent to limit the scope of the remand.

14